|  |  |
|---|---|
| In re:<br><br>CEDAR HAVEN ACQUISITION, LLC,<br><br>Debtor | Chapter 11<br>Case No.: 1:26-bk-00118-HWV |

## LIMITED OBJECTION TO SALES PROCEDURES

1.      Pursuant to 11 U.S.C. §1109(b), Premier Healthcare Management LLC ("**Premier**") files this objection to the "*Motion of the Chapter 11 Trustee for Cedar Haven Acquisition to Set Sale Procedures and to Approve Sale of Assets and Business Free and Clear of All Liens, Claims, Encumbrances and Other Interests*" [ECF 120] ("**Motion**").

2.      Premier may seek to submit a Qualified Bid and qualify to participate in an auction for the Debtor's Assets and the Real Estate.[1]  However, the Amended Notice [ECF 121] ("*Notice*") and the Motion contain inconsistent and conflicting terms regarding what is needed for a Qualified Bid to participate in an auction and generally are unintelligible.  Premier files this limited objection simply to require the Trustee to revise the Notice and Motion to present an intelligible set of instructions about how and when to make a Qualified Bid, and for how much, in order to qualify for an auction.

---

[1] Unless otherwise indicated, capitalized terms have the meanings ascribed the them in the Motion.

3.      Indeed, the Motion and the Notice repetitiously refer to the "Debtor" as if the Debtor, and not the Trustee, was the seller of property of the estate, even though by its terms 11 U.S.C. §363 only authorizes the Trustee, not the Debtor, to sell property of the estate. The Motion and Notice provide the Debtor, not the Trustee, with authority and discretion to make various decisions regarding the time, method and manner of sale of property of the estate.  The Motion and Notice, and the LOI attached as Exhibit A to the Motion, seem to assume the Trustee has never been appointed and raise questions about whether the Stalking Horse Buyer has a valid and enforceable agreement to buy property of the estate with the only person authorized to sell that property of the estate – the Trustee.  All of this is unexplained and requires explanation.

4.      Although not exhaustive, and only illustrative, below are some of the more salient additional conflicts, errors and omissions that appear in the Notice and the Motion:

2

5.     Paragraphs 3.a. and 3.b. of the Notice state that all offers from third parties such as Premier are due by noon on April 14, 2026.  Inconsistently, however, paragraph 3.c. of the Notice states that "[u]ntil five (5) days prior to the Final hearing [on the Motion], however, other and higher bids and offers will be accepted, subject to the discretion of the Debtor [not the Trustee]."  Similarly, paragraph 33.c. of the Motion states that "bids must be received by counsel to the Debtor [not the Trustee] by noon on the date that is five (5) calendar days prior to the date set by the Court for the Final Hearing (as defined below) to approve a sale. . . ."  The Final Hearing has not been scheduled.  Moreover, there is nothing in the Notice describing what factors, if any, the Debtor will use in its "discretion" or why the Trustee has given the Debtor any discretion at all.  Premier thus has no way to know when it and others must submit a bid – on April 14, or some other date.  Premier's concerns are heightened as the Debtor's counsel has been noticeably hostile to Premier and in favor of the Stalking Horse Bidder and remains concerned Premier is at risk of being "hometowned" in the exercise of the Debtor's "discretion" in evaluating Premier's bid.  The Notice and Motion leave open the question of who on behalf of the Debtor will act and exercise such discretion.  Certainly nothing in the Receivership Order authorizes the Receiver to exercise such discretion under this Court's sales procedures order.  The Trustee must clarify the Motion and Notice to establish a firm date on which Premier must submit a Qualified Bid and issues relating to the Debtor's role in this process that are outlined above.

3

6. Paragraph 2 of the Notice states that "[t]he Court has entered an Order [the 'Sale Procedures Order') approving the sale procedures for the sale transaction." Premier has not found any such Order on the docket of this case. The Trustee should provide such order to Premier if it exists, and if not, then it should delete or revise paragraph 2 of the Notice.

7. Paragraph 33 of the Motion contains multiple subparagraphs that are relevant to bidders but appear nowhere in the Notice and should be included in the Notice. As an example only, paragraph 33.e. specifically contemplates an incremental bid, but the Notice nowhere contains any reference to an incremental bid.

8. Paragraph 33.a. of the Motion is unclear. The Trustee should specify exactly what consideration it is looking for in this subparagraph so that Premier can consider what to include in its bid.

9. Paragraph 33.d. refers to a "Real Property Agreement" that Premier has not reviewed. The Trustee should provide Premier a copy of the signed Real Property Agreement.

4

10. Nothing in the Notice provides for any overbid increment. However, Paragraph 33.e. states that there is a contractual overbid by the non-debtor real estate owner of $900,000 and "[i]t is proposed that the minimum bid increments ***after the initial overbid*** shall be $100,000. . . ." (emphasis added). First, it is unclear from this language if Premier must make its minimum overbid $100,000 for its bid to be a Qualified Bid, of if the overbid of all bidders after Premier's initial overbid is $100,000. The Trustee should clarify. Second, it is unclear if the Trustee is asking the Court to enter an order regarding the Real Estate, which is not property of the estate pursuant to 11 U.S.C. §541 and is owned by a non-debtor over which this Court lacks jurisdiction, which this Court should decline to do. The Trustee should clarify.

11. Paragraph 33.f. states that the form of APA is attached to the Motion as Exhibit A, and bidders such as Premier must redline and markup the APA when they submit a bid. However, Exhibit A is a letter of intent with the Debtor, not with the Trustee, and not an APA. The Trustee should submit to Premier a signed copy of the APA and clarify exactly what Premier must submit as a redline and markup with its bid in paragraph 33.f. – the letter of intent attached as Exhibit A to the Motion, or a separate APA. Since the Trustee has exclusive authority to sell property of the estate, the Trustee should clarify why any APA for the Assets are with the Debtor rather than with him.

Case 1:26-bk-00118-HWV    Doc 137    Filed 03/12/26    Entered 03/12/26 15:35:55    Desc
Main Document    Page 5 of 8

12.    Paragraph 33.h. states that the Stalking Horse Bidder "or its designee" shall have the right to provide an overbid above any Qualified Bids for the Assets (but not for the Real Estate).  Similarly, paragraph 3.d.vi. of the Notice states that "Arba" (but not the Stalking Horse Bidder) shall have the right to provide an overbid for the Assets (but not the Real Estate). It is unclear if the Stalking Horse Bidder (and Arba) can exercise this right prior to any auction, or only at an auction, whether other bidders will get notice of any such overbid, and whether such overbid will affect the opening price (or any price) at any auction.  The Trustee should clarify paragraph 33.h. accordingly.

13.    Paragraph 33.i. of the Motion and paragraph 3.e. of the Notice says that the auction will be conducted telephonically or online, "as determined by the Debtor." Those paragraphs each further state that the bidding parties will be notified as to the date and method of any auction in advance of the auction.  However, paragraph 3.h. of the Notice sates that the auction will be conducted by Zoom at 1:00 p.m. on April 16, 2026, and this date may be changed upon the Court's calendar.  The actual date and time of any auction should be clarified. The Trustee should clarify why the Debtor, rather than the Trustee, is determining when the auction will occur (if in fact it the date and time remain undetermined).

14.    Paragraph 3.i. of the Notice states that the Closing must occur and all due diligence and closing shall occur as set forth in the APA.  The Trustee should provide Premier with the APA.

6

15.    There may be other inconsistencies and conflicts among the Motion and Notice not addressed in this Objection that nevertheless of which Premier requires clarification.  Similarly, after review of the APA and the Real Estate APA Premier may have further questions or determine further issues exist.  Premier reserves all of its rights and remedies.

**WHEREFORE**, Premier prays the Court sustain this Objection, deny the Motion and require the Debtor to clarify and revise the sales procedures, and further award Premier such other and further relief to which it may be entitled.

Dated:  March 12, 2026

Respectfully Submitted,

*/s/ Jeffrey D. Sternklar*
Jeffrey D. Sternklar (*Pro Hac Vice Pending*)
JEFFREY D. STERNKLAR LLC
19th Floor
101 Federal Street
Boston, MA  02110
Telephone:   (617) 207-7800
Mobile:        (617) 733-5171
Facsimile:    (617) 507-6530
Email:  jeffrey@sternklarlaw.com

Counsel to Premier Healthcare Management LLC

7

<u>**CERTIFICATE OF SERVICE**</u>

I, Jeffrey D. Sternklar, hereby certify that a copy of the foregoing document was served upon the following persons and entities via ECF on this the 12th day of March, 2026.

- John T. Carroll     jcarroll@cozen.com, jdeeney@cozen.com;pgiordano@cozen.com;john-carroll-2735@ecf.pacerpro.com
- Robert E Chernicoff     rec@cclawpc.com, jbartley@cclawpc.com;jlaughman@cclawpc.com;jkj@cclawpc.com
- Mark E Felger     mfelger@cozen.com, SCarney@cozen.com;JBower@cozen.com;mark-felger-2433@ecf.pacerpro.com
- Timothy J Fox     timothy.fox@usdoj.gov
- Leon P. Haller     lhaller@pkh.com, lrynard@pkh.com;lhaller@ecf.axosfs.com
- Martin S Kardon     marty@kbklaw.com
- Ryann D. Loftus     ryann.loftus@usdoj.gov, bethany.a.haase@usdoj.gov
- Christopher R Momjian     crmomjian@attorneygeneral.gov
- Joseph P Schalk     joseph.schalk@usdoj.gov, ustpregion03.ha.ecf@usdoj.gov
- Chelsea Summers     csummers@attorneygeneral.gov
- United States Trustee     ustpregion03.ha.ecf@usdoj.gov

*/s/ Jeffrey D. Sternklar*

8