IN RE: : Case No. 1:26-bk-00118-HWV
CEDAR HAVEN ACQUISITION, :
LLC, :
              Debtor. : Chapter 11
  :
CEDAR HAVEN ACQUISITION, :
LLC, :
              Movant, :
  :
590 SOUTH 5TH AVENUE, LLC, :
CAPITAL FUNDING, LLC, :
RETIREMENTHOME TV CAPITAL, :
THE ARBA GROUP, INC., :
SOUTH LEBANON TOWNSHIP, :
LEBANON COUNTY TAX CLAIM :
BUREAU, :
CORNWALL-LEBANON SCHOOL :
DISTRICT, :
              Respondents.

## ORDER APPROVING DEBTOR'S SALE PROCEDURES
## AND SETTING A FINAL SALE HEARING

This matter having come before the Court on the motion (the "Motion") of Leon P. Haller, Chapter 11 Trustee for Cedar Haven Acquisition, LLC, on March 2, 2026 [Doc 120] for the entry of an order requesting approval of the auction sale and sale procedures regarding the Debtor's Personal Property, Bid Approvals, and Businesses granting related relief pursuant to Sections 105, 363(b), (f), (k), (m), and (n), and 365 of Title 11 of the United States Code (the "Bankruptcy Code" or "Code") and Rules 20022002, 6004, 6006, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[1]

---

[1] All terms not defined in this Order shall be as set forth in the Motion.

Objections to the Motion were timely filed by the United States Trustee for Region Three (the "UST") [ECF # 133] (the "UST Objection"), Charles Blalack and Stone Barn Management, LLC ("Blalack & Stone Barn") [ECF # 134] (the "Blalack and Stone Barn Objection"), by Premier Healthcare Management LLC ("Premier") [ECF #137] (the "Premier Objection"), and by the Commonwealth of Pennsylvania Department of Human Services ("DHS") [ECF # 138] (the "DHS Objection" or, together with the UST Objection, the Blalack and Stone Barn Objection, and the Premier Objection, the "Objections").

The Court has further considered the Motion and the matters reflected in the record of the hearinghearings held on the Motion. The UST, Blalack & Stone Barn, Premier, and DHS do not object to the entry of this Order. All capitalized terms used herein, not otherwise defined, have the meanings ascribed to them in the Motion. It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been provided to all interested parties and upon any entity that asserts a lien or interest in the Personal Property by U.S. Mail and by the ECF system, and is due and sufficient in all regards; that the relief sought in the Motion as to the procedures is in the best interests of the Debtor's bankruptcy estate and the creditors thereof; and that good and sufficient cause exists for such relief.

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A. Debtor is a debtor under Chapter 11 of the United States Bankruptcy Code.

B. This Court has jurisdiction over Debtor, all of Debtor's assets, including without limitation its Personal Property, Bed Approvals, and Businesses (as defined in the Motion), wherever located, and all creditors of Debtors. This Court has jurisdiction to hear

and to rule upon the Motion, and the Motion constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2).

C.     Notice regarding the Motion and the relief as to the procedures requested in the Motion has been made in accordance with the Bankruptcy Rules, and the Local Rules of the United States Bankruptcy Court for the Middle District of Pennsylvania.

D.     Reasonable opportunity to object to, or be heard regarding, the relief requested in the Motion as to the procedures has been afforded to all interested persons and entities, including but not limited to all creditors and all parties who claim interests in or liens against any of the Debtor's assets, including its lease of nonresidential real property located at 590 South 5th Avenue, Lebanon, PA (the "Lease"), the Personal Property, (as defined in the Motion), Bed Approvals, and Businesses (collectively, the "Assets").  The Assets do not include any license and enrollment in any program requiring separate governmental approval.

E.     The ~~relief sought in the Motion as to the procedures is~~revised and modified Sale Procedures set forth below are in the best interest of ~~this~~the Debtor's estate, its creditors, and all parties in interest.

**THE COURT HEREBY ORDERS THAT:**

1.     The auction sale and bidding procedures set forth ~~in the Motion, and as set forth hereinafter~~below (the "Sale Procedures") are approved.

2.     The ~~bidding procedures~~Sale Procedures are reasonably designed to maximize the value to be achieved for the Debtor's ~~Personal Property, Bid Approvals,~~ Assets.

2. The Sale Procedures to be utilized in the sale and Businesses.

3. The sale proceduresmarketing of the Debtor's Assets are approved as follows:

a. An offerAmended Operations Transfer Agreement (the "Agreement") has been received from entered into by the Trustee and MDA Capital Group, Inc. ("MDA"), or its assigns, for the sale of the Debtor's Personal Property, Bed Approvals, and Businesses,Business (the "Assets"), for the total Purchase Price of $100,000, being the Debtor's Personal Property, Bed Approvals, and Business (the " (the "Offer"). The DebtorTrustee intends to expose the Assets toseek offers and bids for the Assets from other parties. Such offers shall be solicited for the period up until five (5) days prior to the Final Hearing (the "Final Hearing") to be held on April ___, 2026 (the "Bid Deadline"), following which time the DebtorTrustee will submit to the Court what it believes to be the highest and best offer. A true and correct copy of the Agreement is attached hereto.

b. Up until five (5) days prior to the Final Hearing to scheduled by the Court, suchAll competing offers must be made on or before the Bid Deadline, be in writing, and should be sent by email to Robert E. Chernicoff, Esquire at rec@cclawpc.com or by facsimile to (717) 238-4809. and to Erv Terwilliger, Tower Partners, erv@towerpartners.com.

c. The Final Hearing on the approval of the buyer or buyers is set for April ____, 2026 at ____ a.m. at which time the WinningSuccessful Bidder shallmay be approved. Until five (5) days prior to the Final Hearing, however, other and higher bids and offers will be accepted by the Debtor, subject to the approval of Arba.

d. Competing bids shall meet the following sale procedures and terms in order to be considered qualified ("Qualified Bids")²:"):

   i. As part of the consideration of higheras to the highest and betterbest bids and offers, the DebtorTrustee may consider any monetary or nonmonetarynon-monetary provision in any qualified bid that provides one or more specific benefits to the Residents.

   ii. All Competing bids Bids shall be for any or all of the Assets, in totality, proposed to be sold in this Motion, with the exception of a credit bid by Arba, as set forth below. . n

---

² If OHI bids, OHI is pre-determined to provide a Qualified Bid.

iii. Such bids must be received by the Trustee's special counsel ~~to the Debtor by noon on the~~ , Robert E. Chernicoff, Esquire and Tower Partners, at the email addresses set forth in paragraph 3(b) above, on or before the Bid Deadline. The Bid Deadline date ~~that is five (5) calendar days prior to the date set by the Court for the Final Hearing to approve a sale,~~ shall be subject to a change ~~in the date~~ by the ~~Debtor's~~Trustee through his special counsel~~, with the approval of Arba unless ordered by the Court.~~

iv. ~~While a breakup fee is being paid under the Real Estate Purchase and Sale Agreement of $900,000.00, in the event that MDA or its affiliate is not the successful bidder for the Real Property and the Debtor's Assets, no breakup fee is being paid in this case.~~

iv. ~~Such~~For the avoidance of doubt, nothing in this Order approves any breakup fee or bid protection for the sale of the Assets.

v. Competing bids must include a purchase agreement, which shall utilize the form of the Agreement as much as possible. If the proposed purchase agreement utilizes the form of the Agreement, such competing bid must include a redline markup of the ~~form of Asset Purchase Agreement ("APA") between the Debtor and MDA, a copy of which is attached hereto as Exhibit A~~Agreement.

vi. ~~Such~~Competing bids must be ~~a~~cash ~~bid~~bids, in any amount, but with no financing or other contingencies~~,~~ (except for Court approval of the Sale), with the exception that all credit bid rights pursuant to Section 363(k) of the Bankruptcy Code are preserved and credit bids shall be accepted from Arba. A deposit of 10% (the "Deposit") of the purchase price for the Assets must be provided to Erv Terwilliger, Tower Partners, 5950 Symphony Woods Road, Suite 302, Columbia, MD 21044, with a copy of the transmittal to special counsel for the ~~Debtor~~Trustee, Robert E. Chernicoff, Esquire, Cunningham, Chernicoff & Warshawsky, P.C., rec@cclawpc.com, 2320 North Second Street, Harrisburg, PA 17110, ~~following the close of bidding, and entry into a form of Agreement similar to the Agreements attached to the Motion~~before April ___, 2026. The Deposit shall thereafter be held by Leon P. Haller, Chapter 11 Trustee. Nonetheless, to the extent of any credit bid by Arba, a deposit of ten percent (10%) of such credit bid above is not required. Proof of financial ability to close on the purchase of the Assets must be provided with any bid. The sale of the Assets will be on an "as is, where is" basis and without surviving representations or warranties of

any kind by the Trustee or his agents, the Debtor and/or the Estate and their respective agents. Competing bids may not be subject to further due diligence by the bidder. Qualified Bids must contain a commitment to close by no later than the date set forth in the APA.

vii. ~~Thereafter, in~~Each Qualified Bid must contain a binding and irrevocable agreement by the bidder to serve as an "Alternate Bidder" (as defined herein), if so selected by the Trustee in accordance with the Sale Procedures; and
is irrevocable until the earlier of: (a) ninety (90) days after the Court authorizes and approves a Successful Bid, or, Bids, for the Assets that are the subject of the Bid; and (b) the closing of the sale for the Assets that are the subject of the Bid, provided that if the bid is not selected as the Successful Bid or Alternate Bid, the Bid may be revoked after the Auction.

viii. Without the prior written consent of the Trustee, a Qualified Bidder may not modify, amend, or withdraw its Qualified Bid, except for proposed amendments to increase the consideration contemplated by, or otherwise improve the terms of, the Qualified Bid, during the period that such Qualified Bid remains binding as specified in these Bidding Procedures; provided that any Qualified Bid may be improved at the Auction as set forth herein. Any improved Qualified Bid must continue to comply with the requirements for Qualified Bids set forth in these Bidding Procedures.

ix. Each bid which conforms to the above shall be determined by the Trustee to be a Qualified Bid.

~~vii.~~x. In the event that a Qualified Bid is received, MDA shall have the right to provide an overbid above any Qualified Bids received from any third parties for the Assets~~.~~, which overbid shall be made one day prior to the Auction set forth in paragraph 3(e) below. An auction and ability for overbids may occur as set forth below.

e. In the event there are one or more Qualified Bids, an auction shall be conducted at the offices of Cunningham, Chernicoff & Warshawsky, P.C., ~~after~~ on April ___, 2026, at 2:00 p.m. (the ~~date set forth in subparagraph (g) above. Such auction~~"Auction"). The Auction shall be conducted in-person, telephonically or online, as determined by the ~~Debtor~~Trustee. Other bidding parties and interested creditors who request notice of the Auction will be notified as to the date and method of any ~~auction~~Auction in advance of the auction. At the beginning of the Auction, the Trustee shall announce the

highest and best Qualified Bid, against which overbids will be solicited (the "Starting Auction Bid").

f.  ~~The~~ At the conclusion of the Auction, the highest and best Qualified Bid received by the ~~Debtor~~Trustee, in ~~their~~his business discretion, ~~unless the Court orders otherwise, shall be deemed the ~~Winning Bid.~~ Successful Bidder. The Successful Bidder shall enter into an Agreement of Sale, similar to the Agreement within two (2) days after the date of the Final Hearing.

g.  Arba shall have the right to bid all or any portion of its allowed, undisputed secured claim for any of the ~~Sale~~ Assets.  Nonetheless, if Arba is the ~~Winning~~Successful Bidder, costs of the sale allocated to the buyer, if any, must be funded in cash by Arba at closing.

h.  Notwithstanding the foregoing, Arba shall be deemed to be a Qualified Bidder.  Further, Arba shall not make any determination as to the highest and best bidder for the Assets.

i.  The ~~Debtor~~Trustee may consider any monetary or nonmonetary provision in any Qualified Bid that provides one or more specific and articulated benefits to the Residents of their Facilities in determining which Qualified Bid presents the highest and best offer to purchase the Assets.

j.  In the event there is more than one Qualified Bid as set forth above, an auction will be conducted ~~via Zoom~~electronically prior to the Final Hearing. Any party who has timely submitted a Qualified Bid and wishes to ~~bid~~consider submitting an overbid must participate in the auction and shall arrange for such participation by~~ contacting Ervin Terwilliger, (443) 325-5290 x 201, (443) 895-8882 – cell, erv@towerpartners.com, the ~~Debtor's~~Trustee's investment banker ~~at,~~ Tower Partners.

k.  ~~Any purchaser of the Assets must also provide a qualified offer for the Real Property utilized by the Debtor at 590 South 5th Avenue, Lebanon, Lebanon County, Pennsylvania (the "Real Property"), which must be in excess of $27,900,000.00.    All bids shall be for the Real Property and Personal Property as a whole, with an allocation of the proposed consideration between the Real Property and Personal Property.~~

k.  The Trustee will consider, as part of his determination as to the highest and best bid, such bidder's ability to close, including whether such bid is likely to meet the criteria for the assumption and assignment of executory contracts and unexpired leases (if such assumption and assignment is part of such competing bid) under section 365(b) of the Bankruptcy Code  The Trustee

may consider the well-being of the Residents of the Debtor's facility in determining the highest and best bid.

l. The initial overbid for the Assets at auction shall be in the amount of $~~100~~10,000.00 above the Starting Auction Overbid, with all other bids to be in increments of at least $~~100~~25,000.00.  All bids will be made on an open basis and all material terms of each bid shall be fully disclosed to all bidders. The ~~Debtor~~Trustee retains the right to change the amount of the increments in ~~their~~his discretion. Arba shall have the right to credit bid, provided Arba shall pay all costs of the sale.

~~Closing~~

m. Unless the Court orders otherwise, or an extension occurs by agreement of the parties, closing must occur the by the dates set forth in the APA.  All due diligence and closing shall occur as set forth in the APA.

~~n. The highest and best Qualified Bid received by the Debtor, in its discretion, if approved by the Court, shall be deemed the Winning Bid.~~

~~o. In the event that MDA is not the Winning Bidder, it shall have the right to request at the Final Hearing that it be awarded a breakup fee for providing the initial offer and up to maximum of $900,000.00 as compensation for its expenses in connection with the transaction set forth herein (together, the "Bid Protections") subject to approval by the Court at the Final Hearing. MDA may credit bid its Bid Protections as part of any auction for the Assets.~~

n. At the conclusion of the Auction, the Trustee shall (i) review each Qualified Bid (as may have been increased and/or modified at the Auction) on the basis of financial and contractual terms and the factors relevant to the Sale process, including those factors affecting the speed and certainty of consummating the Qualified Bid, and (ii) identify the best bid for the Assets (the "Successful Bid") and the bidder making such best bid (the "Successful Bidder").  The Qualified Bidder with the next best Qualified Bid as compared to the Successful Bid, as determined by the Trustee in his reasonable business judgment, may be required to act as Alternate Bidder (as defined below). Each Qualified Bidder shall agree and be deemed to agree to be the Alternate Bidder if so designated. As soon as is feasible following the conclusion of the Auction, the Trustee shall file on the docket of the Debtor's bankruptcy case a "Notice of Successful Bidder" identifying the Successful Bidder and the Assets proposed to be sold to such Successful Bidder, and the purchase price.  If applicable, the Notice shall also identify the Alternate Bidder. The Trustee shall not solicit any Bids submitted after conclusion of the Auction.

o. All Qualified Bidders at the Auction shall be deemed to have consented to the jurisdiction of the Court and to have waived any right to a jury trial in connection with any disputes related to the Auction, and the construction and

enforcement of the Qualified Bidder's proposed purchase agreement.

p. It is intended that an auction of the Debtor's Real Property will be conducted at the same date and time as the auction for the Assets. Nothing set forth herein requires a bid for the Real Property.

4. The Final Hearing on the Sale Motion is currently scheduled for May _____ **2026, at _____ a.m.** in the United States Bankruptcy Court, 1501 N 6th Street, Harrisburg, Pennsylvania. The Final Hearing shall be subject to such continuance as the Court may order. At such hearing, the ~~Winning~~Successful Bidder will be presented, as will the ~~Debtor's~~Trustee's request that the sale to the ~~Winning~~Successful Bidder be free and clear of all liens, claims and encumbrances.

5. All Deposits, but excluding the Deposits of a Successful Bidder and Alternate Bidder (which, in the case of the Deposit of the Alternate Bidder, shall be returned within five (5) business days of the closing of the Sale to the Successful Bidder), shall be returned to Qualified Bidders within five (5) business days after the date of the Auction. The Trustee shall maintain Deposits in a non-interest bearing account. Deposits may only be used in accordance with the provisions of these Sale Procedures. The Trustee shall not have any liability with respect to any Deposits. If a Successful Bidder fails to consummate the Sale as a result of its own default or the terms of the relevant asset purchase agreement between the Trustee and such Successful Bidder would allow the Trustee to retain such Successful Bidder's Deposit, the Trustee will not have any obligation to return the Deposit of such Successful Bidder, and such Deposit will become property of the Estates. Following the closing of the Sale(s), the proceeds thereof shall be held by the Trustee pending further order of the Court.

5.6.     Following the Auction to be conducted by the ~~Debtor~~Trustee and prior to the Final Hearing, the ~~Debtor~~Trustee shall file a Report of Sale and such Motion as may be necessary to approve the Successful Bidder and the ~~Debtor~~Trustee shall request all provisions required to appropriately transfer the ~~Personal Property~~Assets free and clear of all liens, claims, encumbrances and other interests.

6.7.     Arba's rights are hereby reserved with respect to any objection to the sale proposed hereunder until the time of the Final Hearing.

7.8.     The Court shall retain jurisdiction over any and all disputes arising under this Order.